```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALL-CITY METAL, INC.,

                    Plaintiff,
                                                                    ORDER ADOPTING
         - against -                                                REPORT AND
                                                                    RECOMMENDATION
SHEET METAL WORKERS' INTERNATIONAL                                  18-CV-958 (RRM) (SJB)
ASSOCIATION LOCAL UNION 28,

                    Defendant.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.
```

Plaintiff All-City Metal, Inc. ("All-City") brings this action under the National Labor Relations Act ("NLRA") against Sheet Metal Workers' International Association Local Union 28 ("Local 28") alleging that Local 28 used untruthful fliers and a large inflatable rat to intimidate jobsites into either terminating All-City or requiring that All-City employ members of Local 28 instead of members of a competing union. (Second Amended Complaint ("Compl.") (Doc. No. 21).) Local 28 moved to dismiss All-City's Second Amended Complaint. (Motion to Dismiss ("Mot.") (Doc. No. 22).) The Court referred Local 28's motion to dismiss to Magistrate Judge Sanket J. Bulsara for a report and recommendation. (Order of 3/22/2019.) On February 18, 2020, Magistrate Judge Bulsara filed a Report and Recommendation recommending that All-City's motion to dismiss be granted. (Report and Recommendation ("R&R") (Doc. No. 27).)

All-City now objects to the R&R. (Plaintiff's Objections to Report and Recommendation ("Objection") (Doc. No. 29).) Having reviewed the R&R and All-City's objections, the Court rejects those objections and adopts the R&R dismissing this action in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history in this case, as well as with Magistrate Judge Bulsara's R&R. Nonetheless, the Court recapitulates relevant aspects of the case and the R&R for the convenience of the reader.

In its Second Amended Complaint, All-City alleges that Local 28 has conducted an unlawful secondary boycott under Section 8(b)(4)(ii) of the NLRA by installing, and threatening to install, an inflatable rat at jobsites employing All-City, and by "distribut[ing], in conjunction with the display of the inflatable rat, flyers which were not truthful." (Compl. ¶¶ 23–26, 55.) In the R&R, Magistrate Judge Bulsara recommends dismissing All-City's Second Amended Complaint for failure to state a secondary boycott claim under Section 8(b)(4)(ii) of the NLRA. (R&R at 17.)[1] Magistrate Judge Bulsara explains that the installation of the rat, the threatened installation of the inflatable rat, and the distribution of untruthful fliers, without more, do not constitute an impermissible efforts to "threaten, coerce, or restrain" under Section 8(b)(4)(ii) of the NLRA, but rather constitute protected activity under the First Amendment to the Constitution. (R&R at 11–12.) Finally, in the R&R, Magistrate Judge Bulsara also recommends that All-City's Second Amended Complaint be dismissed with prejudice, given that All-City has already had two opportunities to amend its complaint. (R&R at 17–18.)

All-City objects that Magistrate Judge Bulsara failed to "accept as true all of the facts alleged in the Second Amended Complaint" and failed "to draw all reasonable inferences from those facts in favor of All-City," as is required when adjudicating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Objection at 2.) All-City argues that if Magistrate Judge Bulsara had properly drawn all inferences in favor of All-City, and exercised "common sense," he would have concluded that All-City stated a claim against Local 28 for unlawful

---

[1] Page numbers refer to pagination assigned by the Electronic Case Filing system.

conduct under the NLRA, which All-City could prove once it had the opportunity to engage in discovery. (Objection at 4.)

All-City does not object to Magistrate Judge Bulsara's recommendation that the dismissal be with prejudice. (*See* Objection at 1–10.)

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, the district court "shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, if a party "simply reiterates [its] original arguments, the Court reviews the Report and Recommendation only for clear error." *Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007).

## DISCUSSION

I.  **Applicable Law**

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To state a claim under Section 8(b)(4)(ii), a plaintiff must plead, among other things, that a "union or its agents . . . threatened, coerced, or restrained any person." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 573 F. App'x 66, 67 (2d Cir. 2014). "'Coercive' behavior is that which is confrontational and obstructive, commonly consisting of 'carrying . . . picket signs' and 'persistent patrolling' in front of secondary worksite entrances to create a 'physical or, at least, symbolic confrontation' with those entering the worksite." *Chefs' Warehouse, Inc. v. Wiley*, No. 18-CV-11263 (JPO), 2019 WL 4640208, at *7 (S.D.N.Y. Sept. 24, 2019). The Supreme Court has clarified that defendants must be shown to have engaged in "more than mere persuasion . . . to prove a violation of § 8(b)(4)(ii)(B): that section requires a showing of threats, coercion, or restraints." *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 578 (1988).

II. **All-City's 8(b)(4)(ii) Claim**

All-City points to three distinct factual allegations regarding Local 28's conduct that it argues support its claim that Local 28 engaged in threatening or coercive conduct under Section 8(b)(4)(ii). First, All-City alleges repeated instances of Local 28 installing an inflatable rat, or threatening to install one, at a jobsite, followed by All-City being terminated or forced to hire

4

Local 28 workers. (Compl. ¶¶ 23, 50, 53; Objection at 3.) Second, All-City alleges that "Local 28 caused to be distributed, in conjunction with the display of an inflatable rat, flyers which were not truthful." (*Id.* ¶ 55; Objection at 6–7.) Third, All-City alleges on information and belief that Local 28 made "a threat of labor disharmony," in addition to placing an inflatable rat outside the jobsite, which resulted in the jobsite choosing to use workers from Local 28. (*Id.* ¶ 53; Objection at 3.)

First, erecting inflatable rats, or threatening to do so, does not constitute unlawful conduct under Section 8(b)(4)(ii) without an allegation that the installation impeded travel or that the threat of erecting it was accompanied with specific threats of "confrontational conduct." (R&R at 12.) *See Chefs' Warehouse, Inc.*, 2019 WL 4640208, at *8 (dismissing claim under Section 8(b)(4)(ii) and explaining that erecting an inflatable rat where it does not impede travel, or threatening to install one, "[a]bsent any specific threats to use an inflatable rat to engage in 'confrontational conduct'" – such as a threat to "gather a 'mob' or to 'picket'" – "should be presumed to be lawful"). All-City does not allege, much less plead facts to establish, that the inflatable rat Local 28 installed impeded travel or otherwise carried threats of confrontational conduct.

Similarly, as a court in this district recently explained, distributing fliers alone, without allegations of accompanying coercion or threats, generally does not rise to a violation of Section 8(b)(4)(ii). *See King v. Constr. & Gen. Bldg. Laborers' Local 79, Laborers Int'l Union of N. Am.*, 393 F. Supp. 3d 181, 202 (E.D.N.Y. 2019). (R&R at 11–12.) This was true, the court in *King* explained, even where the target of the fliers disagreed with their content. *Id.* ("The notion that a violation of § 158(b)(4)(ii)(B) could be found—and a federal court could enjoin expressive conduct—wherever the target of a protest disagreed with the content of the message (or, indeed,

5

the way it is written) is untenable, and would raise serious constitutional concerns."). All-City does not allege that the fliers Local 28 distributed contained threats.[2]

All-City presents no objection to Magistrate Judge Bulsara's legal analysis with respect to these issues in its Objection to the R&R. In fact, All-City cites only one case related to Section 8(b)(4)(ii) throughout its Objection: All-City notes the Second Circuit's decision in *Kaynard v. Local 282*, 576 F.2d 471 (2d Cir. 1978), as standing for the general proposition that "[w]here a Union's activities seek to coerce or restrain another such that the assignment of particular work will be to members of a particular union, there is reasonable cause to believe a violation of [Section 8(b)(4)] has occurred." (Objection at 5.) But this begs the question. All-City fails to explain why the factual content it pleads "allows the court to draw the reasonable inference that" Local 28 engaged in the sort of threatening, coercive behavior that *would* constitute a violation of Section 8(b)(4)(ii). *See Iqbal*, 566 U.S. at 678. As explained above, All-City has instead pointed to conduct that is permissible under Section 8(b)(4)(ii) and asked the Court to draw an inference that Local 28 was engaged in impermissible conduct – but the fact that Local 28 engaged in permissible conduct, if anything, supports the opposite conclusion. All-City's allegations regarding Local 28's use of the inflatable rat and use of fliers do not suffice to state a claim for relief under Section 8(b)(4)(ii).

All-City also points to its allegation that Local 28 "threatened labor disharmony" as factual content supporting a plausible violation of Section 8(b)(4)(ii). (Objection at 3.) However, All-City makes no argument as to why this vague allegation alone, when combined

---

[2] In fact, All-City clarifies in its opposition motion that the fliers "claim[ed] untruthfully that [All-City] paid SUBSTANDARD WAGES AND BENEFITS to its employees." (Opp. at 6.) While this fact is not included in the Second Amended Complaint, and therefore is not considered in reaching a decision on this motion, the Court notes that this text is very similar to the handbills at issue in *King*. *See King*, 393 F. Supp. 3d at 200 (noting that some of the handbills at issue read, "TELL KEVIN MANNIX TO MAKE THE RIGHT CHOICE AND PAY AREA STANDARD WAGES AND BENEFITS TO THE CARPENTERS WORKNG AT THE NEW SHOP RITE STORE AT THE BOULEVARD MALL").

with the otherwise legal conduct by Local 28, suffices to state a claim under Section 8(b)(4)(ii). Even taking this vague factual allegation as true, a "threat of labor disharmony" could be something as mundane as the disharmony that results from protected, "persuasion"-based techniques that do not constitute violations of Section 8(b)(4)(ii). *See Edward J. DeBartolo Corp.*, 485 U.S. at 578. This bare allegation from All-City does not establish the sort of "physical, or at least symbolic confrontation" required to constitute non-protected coercive behavior. *Chefs' Warehouse, Inc.*, 2019 WL 4640208, at *7. Accordingly, the Court finds that All-City has not pled a plausible claim for relief under Section 8(b)(4)(ii).[3]

## CONCLUSION

The Court has considered All-City's objections *de novo*, and has reviewed for clear error the remainder of Magistrate Judge Bulsara's recommendations to which the plaintiff did not object. Having done so, the Court adopts in its entirety the thorough and well-reasoned Report and Recommendation. For the reasons stated therein, Local 28's motion to dismiss is granted with prejudice.

The Clerk of Court is respectfully directed to enter judgment for defendant Local 28 and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 25, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] All-City makes two other objections to the R&R. First, All-City argues that Magistrate Judge Bulsara mistakenly stated that All-City sought a stay of discovery while the motion to dismiss was pending. (Objection at 6.) Second, All-City objects to Magistrate Judge Bulsara's use of the word "allegedly" to describe its alleged facts. (Objection at 6.) As these objections are of no consequence to the disposition of this motion, the Court declines to reach them.